UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 2:18-cr-17 |
| | ) | |
| v. | ) | JUDGE JORDAN |
| | ) | |
| ADAM RANDALL FULBRIGHT | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW** the defendant, Adam Fulbright, and respectfully submits this Sentencing Memorandum in anticipation of his sentencing scheduled for October 2, 2018.

**Statement of the Case**

Mr. Fulbright is one of multiple defendants indicted on January 9, 2018 with various gun, drug and money laundering offenses relating to the distribution of methamphetamine. Mr. Fulbright was named in three counts of the thirty count indictment: Count 1 charging all defendants with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841 and § 846, Count 21 charging him with possessing a Firearm in Furtherance of a Drug Trafficking Offense, and Count 30 charging him with Conspiracy to Commit Money Laundering. On June 12, 2018, Mr. Fulbright pled guilty to the conspiracy charge in Count 1 of the indictment. Pursuant to his Plea Agreement, the government agreed to dismiss the remaining two counts against him at sentencing.

**Sentencing Factors**

In reaching an appropriate sentence, the court considers the sentencing factors found at 18 U.S.C. § 3553. Section 3553(a) provides that "the court shall impose a sentence sufficient,

1

but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. §3553(a). To meet this goal, the court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

As provided in § 3553(a), in determining the particular sentence, the court considers the following factors:

### I. The nature and circumstances of the offense and the history and characteristics of the Defendant.

The Offense

Mr. Fulbright's offense conduct is stated in his plea agreement and in his Presentence Report at paragraphs 7 through 18. Mr Fulbright has taken full responsibility for his conduct.

The Defendant

Mr. Fulbright will turn 32 years old the day before sentencing. He has a history of substance abuse since age 13 starting with marijuana and progressing to the use of one to two grams of methamphetamine per week for the two to three years prior to his arrest for this offense. He has never had substance abuse treatment. He has had some significant but not now life threatening medical problems that may require some follow-up and medical treatment in the future while incarcerated as well as a history of anxiety.

Mr. Fulbright has a subtotal of two criminal history points, one from a prior conviction for failure to appear, and one point for misdemeanor possession of Buprenorphine that was found and for which he was arrested at the same time and resulted in a conviction at the same time as his state conviction for prior relevant conduct of methamphetamine possession. He receives an

additional two points pursuant to USSG §4A1.1(d) as he committed the instant offense while on state probation.

It is noted in his Presentence Report that the misdemeanor convictions for the possession of methamphetamine and drug paraphernalia occurred at the same time of the Buprenorphine conviction and they are included in the factual basis of the Plea Agreement for the instant offense and are considered relevant conduct, but the possession of Buprenorphine was not mentioned in the Plea Agreement (or the present indictment) and thus is not considered relevant conduct. Counsel does not necessarily agree that this is a correct application of the guidelines in this case. However, counsel did not object to this application in the Presentence Report as counsel believes even including the possession of Buprenorphine as relevant conduct would not help Mr. Fulbright or change his guideline range as he is still subject to a ten year statutory minimum sentence (and would also still not be eligible for the safety valve).

Nevertheless, as a result of not counting the Buprenorphine as relevant conduct even though occurring at the same time as the methamphetamine conduct and conviction, Mr. Fulbright receives one criminal history point and is bumped up an entire category from Criminal History Category II to Category III. Counsel asks the court to consider that the increase to a higher category based upon this one point for similar drug possession conduct that occurred at the same time as relevant conduct tends to overstate Mr. Fulbright's Criminal History Category and would support consideration of a sentence at the bottom of his applicable guideline range or lower, subject of course to the statutory minimum sentence.

**3. The kinds of sentences available.**

Mr. Fulbright is subject to a term of imprisonment of a mandatory minimum of ten years up to life to be followed by a term of supervised release of at least five years, pursuant to 21 U.S.C. § 841(b)(1)(A).

**4. The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant under the United States Sentencing Guidelines.**

Mr. Fulbright's adjusted total offense level is 29. With a criminal history category of III, his guideline range is 108-135 months. In light of the statutory minimum, his guideline range becomes 120 to 135 months pursuant to USSG §5G1.1c(2). Mr. Fulbright would ask the court to order that his federal sentence run concurrently with any sentence imposed for the outstanding state charges that are relevant conduct as stated in Paragraph 65 of the Presentence Report.

**5. Any pertinent policy statement issued by the Sentencing Commission that is in effect on the date the defendant is sentenced.**

Counsel is not at present aware of, but would ask the court to consider, any additional policy statements that would lean toward leniency in his case that are not covered in the arguments made herein.

**6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Counsel is not aware of any unwarranted sentence disparities at the present time.

**7. The need to provide restitution to any victims of the offense**.

Restitution is not applicable.

8. **Other Considerations and Conclusion**

Mr. Fulbright respectfully asks the court to sentence him at the bottom of his applicable guideline range.

4

                Respectfully submitted,

BY:         <u>s/ Sandra B. Jelovsek</u>
                Sandra B. Jelovsek
                BOPR No. 014908
                Attorney for the Defendant
                P.O. Box 983
                Jonesborough, TN  37659
                423-737-3344

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 18, 2018, the foregoing document was filed electronically.  Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

                                                <u>s/ Sandra B. Jelovsek</u>
                                                Sandra B. Jelovsek